62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory W. BOUDETTE, Plaintiff-Appellant,
v.
William Curtis SINGER; CITY OF COTTONWOOD, Arizona, a
Municipal Corporation, Defendants-Appellees.
 No. 94-15956.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory W. Boudette appeals pro se the district court's summary judgment for the City of Cottonwood and police officer William C. Singer in Boudette's 42 U.S.C. Sec. 1983 action. We review de novo the district court's grant of summary judgment. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Boudette alleged that his constitutional rights were violated during arrests by Singer on April 20, 1990 ("April arrest") and June 26, 1990 ("June arrest") and by the subsequent prosecutions. Boudette was convicted of the charges stemming from the April arrest. The conviction was upheld by the Arizona Supreme Court. Boudette was acquitted of the charges stemming from the June arrest.
 
 
 4
 * April Arrest
 
 
 5
 Boudette contends that his April arrest was invalid because Singer had not been certified as a police officer at the time of Boudette's arrest. This contention lacks merit.
 
 
 6
 In Boudette v. Singer, No. 92-15431 (9th Cir. 1993) (unpublished memorandum disposition), we remanded Boudette's claim challenging the validity of the April arrest for a determination as to whether Singer had been certified at the time of the arrest. Specifically, we were "unsure whether ALEOAC [the certifying agency] must receive the results of all testing before 'certified status' can be achieved, and nowhere in the record does ALEOAC state its policy on that issue." See id. at 7.
 
 
 7
 Singer arrested Boudette on April 20, 1990. There is no dispute that Singer had passed all of the tests necessary to be certified by April 16, 1990, but that the formal certificate was not issued until April 26, 1990. On remand, Mel Risch, the business manager of ALEOAC, filed a supplemental affidavit swearing that, at the time in question, ALEOAC interpreted its regulations to mean that once an individual had successfully completed all required tests, they had achieved "certified status." The district court then determined, as a matter of law, that Singer was certified at the time of Boudette's arrest, and dismissed Boudette's claim.
 
 
 8
 We agree with the district court that Singer had achieved certified status at the time of Boudette's arrest, and we affirm.
 
 II
 June Arrest
 
 9
 Boudette contends that the district court erred by granting summary judgment for the defendants on the basis that his malicious prosecution action based on the June arrest was barred by collateral estoppel. This contention lacks merit.
 
 
 10
 A federal civil rights plaintiff may be collaterally estopped from litigating a 42 U.S.C. Sec. 1983 claim by a state court criminal judgment in which the same issue already has been litigated. Ayers v. City of Richmond, 895 F.2d 1269, 1271 (9th Cir. 1990). In considering the preclusive effect of a state court judgment in a federal civil rights action, the federal courts must apply the laws of that state. See Haupt v. Dillard, 17 F.3d 285, 288 (9th Cir. 1994).
 
 
 11
 In Arizona "in order to prove malicious prosecution, a plaintiff must prove that the underlying action was brought without probable cause." Bradshaw v. State Farm Mut. Auto. Ins. Co., 157 Ariz. 411, 416 (1988). Furthermore, in Arizona, a party is collaterally estopped from relitigating issues if: (1) the issue was actually litigated in a previous proceeding; (2) there was a valid and final decision on the merits; (3) resolution of the issue was essential to the decision; (4) there is common identity of the parties; and (5) there was a full and fair opportunity to litigate the issue. See Chaney Bldg. Co. v. City of Tucson, 148 Ariz. 571, 573 (1986); see also Haupt v. Dillard, 17 F.3d 285, 288 (9th Cir. 1994) (probable cause determination at preliminary hearing provides full and fair opportunity sufficient to support collateral estoppel in subsequent Sec. 1983 action).
 
 
 12
 Here, a magistrate judge determined that there was probable cause for the June arrest after Boudette's counsel cross-examined witnesses. Moreover, Boudette's counsel filed an unsuccessful motion to suppress at the preliminary hearing on the grounds that there was no probable cause for the arrest.
 
 
 13
 Because lack of probable cause is a necessary element of malicious prosecution in Arizona, Bradshaw, 157 Ariz. at 416, and because Boudette had a full and fair opportunity to litigate the issue of probable cause, Boudette's malicious prosecution action was barred by collateral estoppel, see Chaney Bldg. Co. v. City of Tucson, 148 Ariz. at 573; Haupt, 17 F.3d at 288.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellees' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3