78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian H. COMBS, Plaintiff-Appellant,
v.
WAREMART INC.; Randy Gerber; Douglas Garrett, Defendants-Appellees.
 No. 95-35035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Harold Combs appeals pro se the district court's dismissal and partial summary judgment in his 42 U.S.C. § 1983 action against Waremart, Inc., Waremart employee Randy Gerber, and Salem Police Officer Douglas Garrett. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 In December 1990, Waremart employee Gerber detained Combs on the suspicion that he had left Waremart, Inc., without paying for a carton of cigarettes. Officer Garrett responded to a call from the store and cited Garrett for theft. Combs was tried for theft but acquitted. Immediately after his trial, the same judge who conducted Combs's criminal trial found that the state had proven the theft by the preponderance of the evidence and that Combs thereby had violated the terms of his probation.
 
 
 4
 In this section 1983 action, Combs raises three causes of action based upon the following allegations: (1) Gerber and Waremart, Inc., falsely arrested and imprisoned him; (2) Gerber and Garrett conspired to maliciously prosecute him; and (3) Gerber subjected him to cruel and unusual punishment.
 
 
 5
 Combs contends the district court erred when it dismissed the first and third causes of action. We disagree. Combs made no allegation nor does the record support that Waremart or Gerber acted in concert with state agents to deprive him of any constitutional right. Consequently, as neither Waremart nor Gerber acted under color of state law, the district court properly dismissed Combs's first and third causes of action for failure to state a claim. See Lopez v. Dept. of Health Services, 939 F.2d 881, 883 (9th Cir.1991); Fonda v. Gray, 707 F.2d 435, 437 (9th Cir.1983).
 
 
 6
 Combs also contends the district court erred when it granted summary judgment as to his second cause of action. Again, we disagree. Combs has showed no evidence indicating that he was prosecuted without probable cause. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995); Haupt v. Dillard, 17 F.3d 285, 290 (9th Cir.1994).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3