Shane MOSQUEDA, Plaintiff—
Appellant,

v.

COUNTY OF LOS ANGELES; Alvin Poff, Deputy, # 281425, individually; Alvin Poff, Deputy, # 281425, as a peace officer; Jorge Solis, Deputy, # 406833, individually; Jorge Solis, Deputy, # 406833, as a peace officer; Donald Johnson, # 284916 individually; Donald Johnson, # 284916 as a peace officer; Donna L. Copplin, Sergeant, # 253749, Defendants—Appellees.

No. 03–55989.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 10, 2006.

Thomas E. Beck, Esq., Thomas E. Beck & Associates, Los Angeles, CA, for Plaintiff–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Thomas C. Hurrell, Forgey & Hurrell, Los Angeles, CA, for Defendants–Appellees.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Shane Mosqueda appeals the judgment entered in favor of the County of Los Angeles and its deputies following a jury trial in Mosqueda's action alleging violations of his civil rights for unlawful arrest, excessive force, and malicious prosecution under 42 U.S.C. § 1983; and conspiracy under 42 U.S.C. § 1985(2) and (3). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

■ The district court did not plainly err in conducting the voir dire at the trial. Plain error is "(1) error, (2) that is plain, and (3) affects substantial rights." *Jones v. United States,* 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). An error affects substantial rights when it was "prejudicial" and "affect[s] the outcome of the district court proceedings." *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We need not reach the question of whether the district court committed error because Mosqueda did not establish that the alleged defects in the voir dire examination affected his substantial rights. He relies only on speculation, which is not sufficient to satisfy the plain error standard. *Unit-*

*ed States v. Anguiano,* 873 F.2d 1314, 1319 (9th Cir.1989).

### II

■ The district court was within its discretion to order a bifurcated trial. Federal Rule of Civil Procedure 42 permits a district court to bifurcate a trial for reasons of judicial economy or to avoid prejudice to one of the parties. In this case, bifurcation served the interests of judicial economy. Because lack of probable cause is an element of a false arrest claim and a malicious prosecution claim, the existence of probable cause is a complete defense for the deputies to a malicious prosecution claim. Therefore, "the jury's finding that there was probable cause to arrest Mosqueda obviated any need to try the malicious prosecution claim." *See Haupt v. Dillard,* 17 F.3d 285, 290 (9th Cir.1994) (applying Nevada law in a section 1983 case).

### III

Because Mosqueda's counsel failed to make a contemporaneous objection to the jury instructions as required by Federal Rule of Civil Procedure 51, any objection to the jury instructions was waived. *Hammer v. Gross,* 932 F.2d 842, 847 (9th Cir.1991). We do not recognize a plain error exception to this rule. *Id.*

### IV

■ Mosqueda argues that the district court was biased against him based on (1) its decision to bifurcate his trial and (2) its general demeanor. The Supreme Court has noted that a trial court's "judicial rulings alone almost never constitute a valid basis for bias or partiality motion." *Li-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**18**

*teky v. United States,* 510 U.S. 540, 556, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). *Liteky* precludes a finding of reversible bias based on the trial court's bifurcation decision alone. We may reverse a district court if the record shows "actual bias on the part of the trial judge [or] leave[s] the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." *Shad v. Dean Witter Reynolds, Inc.,* 799 F.2d 525, 531 (9th Cir.1986) (internal quotation marks omitted). The record does not support Mosqueda's claim of improper bias.

**AFFIRMED.**