Charles TEAL, an individual, Plaintiff–Appellant,

v.

SAN DIEGO COUNTY; et al., Defendants–Appellees.

No. 06–56509.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2008.*

Filed April 11, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Alan L. Geraci, Esq., Geraci & Lopez, San Marcos, CA, for Plaintiff–Appellant.

Donald F. Shanahan, Esq., San Diego City Attorney's Office, San Diego, CA, for Defendants–Appellees.

Before: HALL, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Charles Teal appeals from the district court's order granting summary judgment in favor of Frederick Helm and the City of San Diego. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ First, we reject Teal's assertion that his Fourth Amendment rights were violated by his warrantless arrest. It is well-established that "[p]robable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Peng v. Mei Chin Penghu,* 335 F.3d 970, 976 (9th Cir.2003) (quoting *United States v. Buckner,* 179 F.3d 834, 837 (9th Cir.1999)). The district court correctly determined that the facts known to Helm at the time of the arrest were more than sufficient to convince a prudent person that there was a fair probability that Teal had thrown Robinson over the balcony. It is undisputed that Teal was at the scene of the crime, and that Robinson, who had known Teal for over four years, identified him as the culprit. Robinson was able to provide Teal's address and explain how he and Teal came to be in San Diego; he also provided a very detailed account of the argument between himself and Teal that led up to the violent culmination. Robinson, as the victim of the crime, thus "provided sufficiently detailed facts regarding the incident to support a finding that probable cause to arrest existed." *Peng,* 335 F.3d at 978. Such a finding is further reinforced by Teal's attempts to discourage further investigation into the incident and his flight from law enforcement. *See United States v. Fuentes,* 105 F.3d 487, 490 (9th Cir.1997) (flight from law enforce-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment, combined with other evidence, may give rise to probable cause). The suggestion made to Helm that "the suspect might have braided hair" is insufficient to negate this ample showing of probable cause.

We also reject Teal's contention that his right to due process was violated by the destruction of the Comfort Inn surveillance videotape. While we recognize that an acquittal does not extinguish a cause of action for violation of fair trial rights, *see Haupt v. Dillard,* 17 F.3d 285, 287–88 (9th Cir.1994), Teal has simply failed to demonstrate that the videotape, which did not show the crime being committed, contained exculpatory value that was apparent before the tape was destroyed. *See California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Nor has he attempted to explain why the eyewitness testimony of Comfort Inn security guard Brian Williams was not evidence comparable to what might have been shown on the videotape; Teal has therefore failed to establish that his constitutional rights were violated by the tape's destruction. *Id.*

Teal asserts for the first time on appeal that he was denied the right to a speedy trial. As he failed to present this issue to the district court, and the record is therefore devoid of any factual development necessary to resolve such a claim, we decline to consider it. *See Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1487 n. 4 (9th Cir.1995).

AFFIRMED.