NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGEI PORTNOY, | No. 09-15220 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02526-JAM-JFM |
| v. | |
| CITY OF WOODLAND; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 16, 2010

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Sergei Portnoy appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging civil rights violations in connection with his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IL/RESEARCH

arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  We affirm.

The district court properly dismissed the claims against the district attorney who made the decision to prosecute Portnoy because that decision is protected under the doctrine of absolute prosecutorial immunity.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)

The district court properly dismissed the Fourth Amendment claims that police officers lacked probable cause to arrest Portnoy because the record establishes that he had a full and fair opportunity to litigate that issue at his preliminary hearing; consequently he is collaterally estopped from re-litigating this issue in a subsequent action.  *See Haupt v. Dillard*, 17 F.3d 285, 288-90 (9th Cir. 1994) (concluding that a full and fair opportunity to litigate probable cause to arrest at preliminary hearing in a criminal case collaterally estops re-litigation of that issue in a subsequent action).

Portnoy's remaining contentions are unpersuasive.

Appellee's request for judicial notice of the criminal information in Portnoy's criminal case is granted.

**AFFIRMED.**

IL/RESEARCH