An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN J. MIRCH,
Appellant,
vs.
RHONDA CLIFTON; RYAN
MCDONALD; NEVADA ATTORNEY
GENERAL; AND BRIAN KUNZI,
Respondents.

No. 64842

FILED

OCT 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in a malicious prosecution and tort action. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant brought claims for malicious prosecution and abuse of process against all respondents and for defamation against respondent Rhonda Clifton. Respondents filed a motion to dismiss the claims based on absolute prosecutorial immunity. The district court granted the motion.

*Malicious prosecution and abuse of process*

Having reviewed the parties' briefs and appendices, we conclude that the district court did not err in dismissing appellant's malicious prosecution and abuse of process claims. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (stating that this court reviews de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all inferences in the plaintiff's favor). The existence of good faith and probable cause for an arrest invalidates a claim of malicious prosecution, and here the issue of probable cause was

SUPREME COURT
OF
NEVADA

(O) 1947A

15-33124

adjudicated in a preliminary hearing in justice court, challenged by appellant in a writ of habeas corpus to the district court, and denied by the district court after holding a hearing, thereby affirming the probable cause determination. *See Jordan v. Bailey*, 113 Nev. 1038, 1047, 944 P.2d 828, 834 (1997) (stating that want of probable cause to initiate the criminal proceeding is a required element of malicious prosecution); *Haupt v. Dillard*, 17 F.3d 285, 288-90 (9th Cir. 1994) (holding that under Nevada law appellant could not challenge in his civil case the probable cause determination that was fully adjudicated in his earlier criminal case); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) (holding that absolute immunity extends to acts taken by a prosecutor in preparing to initiate judicial proceedings); *Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976) (holding that prosecutors are absolutely immune from civil liability for acts taken within the performance of their duties); *Duff v. Lewis*, 114 Nev. 564, 569, 958 P.2d 82, 85 (1998) ("Absolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." (quotation omitted)).

As to appellant's allegations that respondents engaged in abuse of process during their investigation of appellant before preparing the affidavit of probable cause, an abuse of process claim "hinges on the misuse of regularly issued process, in contrast to malicious prosecution which rests upon the wrongful issuance of process." *Nev. Credit Rating Bureau, Inc. v. Williams*, 88 Nev. 601, 606, 503 P.2d 9, 12 (1972). Because appellant alleges misconduct by respondents prior to the issuance of any process, his abuse of process claim fails.

*Defamation*

As to appellant's defamation claim against Ms. Clifton, we conclude that the district court properly applied absolute prosecutorial immunity as the allegedly defamatory statements were part of the on-going judicial proceedings. *Buckley*, 509 U.S. at 273 (holding that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"). Although appellant argues that certain statements were not made within the scope of Ms. Clifton's role as an advocate for the State, the complaint fails to allege any facts that could be drawn in appellant's favor to support such a reading of the complaint. *Buzz Stew, LLC*, 124 Nev. at 227-28, 181 P.3d at 672. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. David A. Hardy, District Judge
      Margaret M. Crowley, Settlement Judge
      Mirch Law Firm LLP
      Attorney General/Carson City
      Washoe District Court Clerk

---

[1]We have considered appellant's remaining arguments, and conclude that they do not warrant reversal.