**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH R. LEON,

        Plaintiff-Appellant,

  v.

SAN JOSE POLICE DEPARTMENT;
CITY OF SAN JOSE; KEVIN
MCCLURE, Officer Badge #3979;
BRIAN LOFTUS, Officer Badge #3965,

        Defendants-Appellees.

No.   15-15433

D.C. No. 5:11-cv-05504-HRL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Submitted April 21, 2017[**]
San Francisco, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LOGAN,*** District Judge.

Appellant Joseph Leon ("Leon") appeals the grant of summary judgment in favor of Appellees San Jose Police Department ("SJPD") and Officers Kevin McClure and Brian Loftus on Leon's § 1983 action alleging violations of his Fourth and Fourteenth Amendment rights. We review de novo the district court's grant of summary judgment. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The Appellees were entitled to summary judgment on the Fourth Amendment claim. A § 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *Allen v. McCurry*, 449 U.S. 90, 94-95 (1980). The alleged violation of Leon's Fourth Amendment rights was the identical issue decided by the state criminal court in his motion to vacate its judgment, it was necessarily decided in a final decision on the merits, and Leon was the same party against whom collateral estoppel is now invoked. *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990). The requirements for collateral estoppel under California law were satisfied, and Leon had a full and fair opportunity to litigate the claim before the state court. *Haupt v. Dillard*, 17 F.3d 285, 288 (9th Cir. 1994).

---

*** The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

2

2.   Summary judgment was also proper on Leon's claim that the Appellees violated the Fourteenth Amendment by discriminating against him because of his race. To survive summary judgment on an equal protection claim, a plaintiff must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the defendant's decision was racially motivated. *Serrano v. Francis,* 345 F.3d 1071, 1082 (9th Cir. 2003). Leon's complaint contained no allegations supporting an equal protection claim, and none of the materials he proffered gave rise to a genuine issue that the Appellees acted with discriminatory intent in this case. *See Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948 (9th Cir. 2003).

The district court's judgment is  **AFFIRMED.**