NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOBBY LEE MONTGOMERY,

             Plaintiff-Appellant,

  v.

GUY LOUIS TURNER, LVMPD Officer
Badge No. 13518; et al.,

             Defendants-Appellees.

No. 16-16878

D.C. No. 2:12-cv-00817-RFB-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

    Bobby Lee Montgomery appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging a Fourth Amendment false arrest

claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Haupt

v. Dillard*, 17 F.3d 285, 287-88 (9th Cir. 1994).  We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because the record shows that Montgomery had a full and fair opportunity to litigate the issue of probable cause in his prior state criminal action, and, thus, he is collaterally estopped from relitigating this issue in this action. *See id.* at 288-90 (explaining that under Nevada law, a probable cause determination at a preliminary hearing provides a full and fair opportunity to litigate the issue sufficient to support collateral estoppel in a subsequent § 1983 action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**