[No. E022025. Fourth Dist., Div. Two. July 29, 1999.]

THOMAS McCUTCHEN, Plaintiff and Appellant, v.
CITY OF MONTCLAIR et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Dennis V. Dalsimer for Plaintiff and Appellant.

Ferguson, Praet & Sherman, Steven A. Sherman and Larry J. Roberts for Defendants and Appellants.

OPINION

**McKINSTER, J.**—While on Christmas leave from the United States Army, plaintiff Thomas McCutchen was arrested and spent nearly four months in

jail on the charge of rape with a foreign object. However, the prosecution on its own motion dismissed charges against him before the case went to trial. Upon his release from confinement, plaintiff filed a complaint against, inter alia, the complaining witness Tracy G. (hereafter, the complaining witness), arresting police officer Ron Pipersky, the City of Montclair (hereafter City), and the County of San Bernardino (hereafter, County). His complaint included claims for (1) violation of civil rights under 42 United States Code section 1983; (2) false arrest; (3) negligence; (4) negligent employment, training, and supervision; (5) intentional infliction of emotional distress; and (6) defamation. The trial court denied defendants' motion for judgment on the pleadings but later granted defendants' motion for summary judgment on all causes of action, and plaintiff appealed. Defendants then cross-appealed.

As we explain below, we conclude that the trial court was correct in denying defendants' motion for judgment on the pleadings. However, we also conclude that the trial court did not err in granting summary judgment on all causes of action.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Criminal Proceedings Against Plaintiff*

On December 23, 1993, the complaining witness reported to the Montclair Police Department that at approximately 9:37 in the evening, she was sexually assaulted by an unknown man, as she was going through the automatic double doors at the upper level of a shopping mall located in the City. Officer Pipersky was dispatched to the complaining witness's residence in Upland to take her statement. Although the complaining witness was visibly distressed, she managed to give Officer Pipersky a description of her attacker that included his age, weight, build, eye color, skin complexion, hair length, and facial hair. She also described the assailant's clothing.

On December 24, 1993, while Officer Pipersky was on patrol in the City, he observed plaintiff and plaintiff's sister walking down the street. Apparently, plaintiff attracted his attention because he was wearing a shirt that generally matched the description given by the complaining witness. Upon striking up a casual conversation with plaintiff, Officer Pipersky noticed that plaintiff's eye color and build also matched the description given by the complaining witness. Officer Pipersky told plaintiff that he matched the description of a suspect in a rape case and asked plaintiff to come to the police station to take a picture. Plaintiff agreed and, upon arriving at the station, Officer Pipersky took his photograph. When Officer Pipersky asked plaintiff about his whereabouts on the night of December 23, plaintiff told

Officer Pipersky that he was at the house of a friend, Mark Gryder, until about 9:30 p.m., at which point Gryder gave him a ride home. Officer Pipersky immediately contacted Gryder, who stated that plaintiff left his house at 8:30 p.m. and walked home. Officer Pipersky once again asked plaintiff his whereabouts on the night in question, and plaintiff repeated that Gryder drove him home at approximately 9:30 p.m. Two days later, plaintiff's photo appeared in a photo lineup shown to the complaining witness. The complaining witness identified plaintiff as the person who sexually assaulted her. At that point, Officer Pipersky arrested plaintiff. After the arrest, Officer Pipersky interviewed plaintiff, who stated that he did in fact leave Gryder's house at 8:30 p.m., walked home, and listened to compact dics with his sister until 11:00 p.m. Subsequently, his mother, sister, and another friend, Ted Darland, confirmed his alibi.

Plaintiff was charged with a violation of Penal Code section 289. After his arrest, the complaining witness identified him as the perpetrator in two live lineups conducted at the jail. On February 14, 1994, the municipal court conducted a preliminary hearing and ruled that there was probable cause to try plaintiff on the rape charge. Subsequently, plaintiff moved to suppress the photo lineup identification. On April 20, 1994, the trial court conducted a hearing on plaintiff's motion and decided to suppress the photo lineup identification, although the court ruled that the subsequent in-court identifications were admissible. On April 21, 1994, before jury selection started, the prosecution made a motion to dismiss the charges against plaintiff, which the trial court granted. The plaintiff was immediately released from confinement.

## B. *Plaintiff's Civil Suit*

On November 21, 1994, plaintiff filed the instant complaint against Officer Pipersky, the complaining witness, City, and County. It included the following causes of action: (1) a false arrest claim against all defendants; (2) a negligence claim against City and County; (3) an intentional infliction of emotional distress claim against all defendants; (4) a negligent employment, training, supervision, and retention claim against City and County; (5) a 42 United States Code section 1983 (hereafter, section 1983) claim against all defendants; and (6) a defamation claim against the complaining witness.

On January 3, 1997, defendants filed a motion for judgment on the pleadings, contending that a finding of probable cause to try plaintiff on the rape charge collaterally estopped plaintiff's civil suit. The trial court denied the motion. Defendants then filed a motion for summary judgment on all causes of action, which the trial court granted on November 26, 1997.

Plaintiff timely appealed. Defendants timely cross-appealed from the denial of the motion for judgment on the pleadings.

## DISCUSSION

On appeal, plaintiff contends that the trial court erred in granting summary judgment on the false arrest claim; the section 1983 claim; the negligence claim; and the negligent employment, supervision, and retention claim.[1] On cross-appeal, defendants contend that the trial court erred in denying the motion for judgment on the pleadings because plaintiff was collaterally estopped from bringing this civil action.

In part I of the opinion, we address the collateral estoppel issue raised by defendants on cross-appeal. In the nonpublished portion of the opinion, we address the grant of summary judgment on various causes of actions presented by plaintiff's complaint.

## I

*Collateral Estoppel Does Not Preclude Plaintiff From Relitigating the Issue of Probable Cause to Arrest*

Defendants contend that the trial court erred in denying their motion for judgment on the pleadings. They point out that the trial court in plaintiff's criminal prosecution ruled there was probable cause to hold him over for trial. Based upon that ruling, defendants argue that the doctrine of collateral estoppel precludes plaintiff from challenging the validity of his arrest for lack of evidence to support it. Plaintiff responds that the ruling at the preliminary hearing does not have preclusive effect on this civil suit because the issue of probable cause to arrest was not actually litigated or necessarily decided at the preliminary hearing. Plaintiff also contends that collateral estoppel does not apply in this case because of the long-standing rule that an order dismissing criminal charges after a preliminary hearing does not have res judicata effect on future criminal prosecution on the same charges. (*People* v. *Uhlemann* (1973) 9 Cal.3d 662, 658 [108 Cal.Rptr. 657, 511 P.2d 609].) He argues that this rule should be extended in this case because a magistrate conducting a preliminary hearing is not a bona fide judge and does not have the power to decide any issue pertaining to the merits of the case, such as the issue of probable cause to arrest.

After plaintiff was arrested and charged with rape, the municipal court conducted a preliminary hearing. The only witness called by the prosecution

---

[1]Plaintiff's opening brief on appeal did not address his claims of negligent and intentional infliction of emotional distress and defamation. Thus, we consider these claims to be waived.

was the complaining witness, and the only witness called by the defense was Officer Pipersky. During cross-examination, the complaining witness admitted that after the photo lineup she also identified plaintiff as her assailant at two subsequent live lineups conducted at the jail. After receiving testimony from both witnesses, the trial court ruled that there was sufficient evidence to hold plaintiff over for trial. Plaintiff never appealed the decision to hold him over for trial. Before jury selection began, the prosecution moved to dismiss all charges against plaintiff.

■ On appeal, we review the trial court's decision to grant or deny a motion for judgment on the pleadings under the same standard of review as the decision to sustain or overrule a demurrer. (*Boccato* v. *City of Hermosa Beach* (1994) 29 Cal.App.4th 1797, 1803-1804 [35 Cal.Rptr.2d 282].) Our standard of review is de novo, i.e., we exercise our independent judgment about whether, assuming the truth of the pleadings, the complaint states a cause of action. (*Ibid.*; *Moore* v. *Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].)

■ The doctrine of collateral estoppel or issue preclusion is a secondary form of res judicata. (*People* v. *Sims* (1982) 32 Cal.3d 468, 477, fn. 6 [186 Cal.Rptr. 77, 651 P.2d 321].) It prevents a party who had a full and fair opportunity to litigate a particular issue in a prior proceeding from relitigating it in a subsequent proceeding. (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 339, p. 894.) "A prior determination by a tribunal will be given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5) the former decision is final and was made on the merits." (*Kelly* v. *Vons Companies, Inc.* (1998) 67 Cal.App.4th 1329, 1339 [79 Cal.Rptr.2d 763].)

■ Federal and state courts have consistently held that the doctrine of collateral estoppel may preclude relitigation in a civil suit of issues that were decided in a prior criminal proceeding. (See, e.g., *Allen* v. *McCurry* (1980) 449 U.S. 90, 104 [101 S.Ct. 411, 419-420, 66 L.Ed.2d 308] [giving collateral estoppel effect to a ruling on a pretrial suppression motion]; *Coogan* v. *City of Wixom* (6th Cir. 1987) 820 F.2d 170, 175 and *Guenther* v. *Holmgreen* (7th Cir. 1984) 738 F.2d 879, 885 [giving collateral estoppel effect to a finding of probable cause made by state court at a preliminary hearing]; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co.* (1962) 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439] [giving collateral estoppel effect to a prior felony conviction]; *Mueller* v. *J.C. Penney Co.* (1985) 173 Cal.App.3d 713 [219 Cal.Rptr. 272] and *Leader* v. *State of California* (1986) 182 Cal.App.3d 1079 [226 Cal.Rptr. 207] [giving collateral estoppel effect to misdemeanor conviction].)

Our own research has revealed that the issue of whether a finding of probable cause to hold the accused over for trial on criminal charges forecloses a subsequent civil suit on the issue of probable cause to arrest is one of first impression in California. However, the Ninth Circuit had decided this precise question in *Haupt* v. *Dillard* (9th Cir. 1994) 17 F.3d 285. In *Haupt*, the plaintiff was arrested for murder, but the jury acquitted him of all charges. (*Id.* at p. 287.) Following his acquittal, the plaintiff filed a section 1983 claim alleging, inter alia, that his constitutional right to be free from unreasonable searches and seizures was violated. (17 F.3d at p. 287.) Relying on Nevada law governing the doctrine of collateral estoppel, the court held that the determination of sufficiency of the evidence to hold the plaintiff over for trial on murder charges precluded relitigation of the issue of probable cause to arrest. (*Id.* at p. 290.) In rejecting the plaintiff's bid to avoid the application of collateral estoppel, the Ninth Circuit concluded that the ruling at a preliminary hearing was a final judgment on the merits for the purposes of collateral estoppel because the determination was immediately appealable via a petition for a writ of habeas corpus and could not be litigated further. (*Id.* at pp. 288-289.) The court also concluded that the identity of the issues requirement was met because, absent a showing that new evidence became available to the prosecution after the plaintiff's arrest, the ruling on sufficiency of the evidence to hold the plaintiff over for trial was a de facto ruling on sufficiency of the evidence to arrest the plaintiff. (*Id.* at p. 289.) Finally, the court concluded that the plaintiff had a full and fair opportunity to litigate the issue of probable cause at the preliminary hearing, although the court acknowledged that in some cases the plaintiff may have tactical reasons for not fully litigating the issue of probable cause at the preliminary hearing, and in those situations, collateral estoppel might not apply. (*Id.* at pp. 289-290.)

In our view, the Ninth Circuit's decision in *Haupt* v. *Dillard* is well reasoned and supported by California law.[2] The elements of collateral estoppel in Nevada and California are the same: (1) the issue sought to be precluded is identical to the one decided in a prior proceeding; (2) the issue was actually litigated and necessarily decided; (3) there was a final judgment on the merits; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to a prior proceeding. (Compare *Kelly* v. *Vons Companies, Inc., supra,* 67 Cal.App.4th at p. 1339 [California law] with *University of Nevada* v. *Tarkanian* (1994) 110 Nev. 581, 598-599 [879 P.2d 1180, 1190-1191] [Nevada law].) A finding of probable cause to hold

---

[2]The Ninth Circuit has just reaffirmed *Haupt* v. *Dillard* in *Morley* v. *Walker* (9th Cir. 1999) 175 F.3d 756, 760-761.) Moreover, the Ninth Circuit's approach is consistent with the decisions from the Sixth and Seventh Circuits. (See, e.g., *Coogan* v. *City of Wixom, supra,* 820 F.2d 170, 174-175; *Guenther* v. *City of Holmgreen, supra,* 738 F.2d 879, 889.)

the defendant over for trial is a final judgment on the merits for the purposes of collateral estoppel under the California law because the accused can (1) immediately appeal the determination by filing a motion to set aside the preliminary hearing (Pen. Code, § 995) and (2) obtain review of the decision on the motion to set aside the preliminary hearing by filing a writ of prohibition (Pen. Code, § 999a). Also, the issue of probable cause cannot be litigated further because it cannot be used as a defense at trial. (*People* v. *Gaines* (1966) 247 Cal.App.2d 141, 147 [55 Cal.Rptr. 283].)

Moreover, a ruling on sufficiency of the evidence at a preliminary hearing would, in most cases, meet the identity of the issues requirement. The quantum of evidence required to support a warrantless arrest is the same as the quantum of evidence required to hold the defendant to stand trial. (Compare *People* v. *Campa* (1984) 36 Cal.3d 870, 879 [206 Cal.Rptr. 114, 686 P.2d 634] [" 'In determining the sufficiency of an affidavit for the issuance of a . . . warrant the test of probable cause is approximately the same as that applicable to an arrest without a warrant, . . . namely, whether the facts contained in the affidavit are such as would lead a man of ordinary caution or prudence to believe, and conscientiously to entertain, a strong suspicion of the guilt of the accused.' "] with *People* v. *DeJesus* (1995) 38 Cal.App.4th 1, 15 [44 Cal.Rptr.2d 796] [The role of a magistrate at a preliminary hearing is to determine "whether there is such a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused."].) Thus, absent a showing that evidence not available to the arresting officer was presented at the preliminary hearing, a finding of sufficiency of the evidence to require the defendant to stand trial is a finding of probable cause to arrest the defendant. (*Haupt* v. *Dillard, supra,* 17 F.3d at p. 289.)

With respect to the full and fair opportunity to litigate the issue element of collateral estoppel, federal courts applying collateral estoppel in this situation focus on whether the state preliminary hearing in a criminal case provides sufficient procedural opportunities and motivation for the accused to litigate the issue of probable cause. (*Coogan* v. *City of Wixom, supra,* 820 F.2d at p. 175; *Guenther* v. *City of Holmgreen, supra,* 738 F.2d at p. 884.) For example, the Sixth Circuit's conclusion that, under Wisconsin law, the plaintiff had a full and fair opportunity to litigate the issue of probable cause at the preliminary hearing was based on the fact that the plaintiff was able to cross-examine the arresting officer and present his own evidence negating the showing of probable cause. (*Guenther, supra,* at p. 884.) In this state, a preliminary hearing is an adversary judicial proceeding, designed to litigate the issue of probable cause to try the accused on criminal charges, in which the accused may cross-examine witnesses pertinent to the issue of probable

cause to arrest, such as the arresting officer and the complaining witness, and present evidence negating the existence of probable cause. (Cf. *Herbert* v. *Superior Court* (1981) 117 Cal.App.3d 661, 666, fn. 3 [172 Cal.Rptr. 850, 19 A.L.R.4th 1276].) Such hearing gives the accused ample opportunity to litigate the issue of probable cause to arrest.

With respect to motivation to litigate the probable cause issue, we recognize that in some cases the defendant in a criminal proceeding may have tactical reasons not to litigate the probable cause issue. In those situations, collateral estoppel might not apply. (*Haupt* v. *Dillard, supra,* 17 F.3d at p. 289.) However, unless the plaintiff in a civil suit can demonstrate that the issue of probable cause was not litigated at the preliminary hearing for tactical reasons, we will presume that the plaintiff had a full and fair opportunity to litigate the issue of probable cause to arrest. (*Id.* at pp. 289-290.)

Since a decision to hold the defendant over for trial requires a ruling on the sufficiency of the evidence, absent a showing to the contrary the issue of probable cause to arrest will typically be actually litigated and necessarily decided at the preliminary hearing. One notable exception to this rule would be in a situation where the plaintiff alleges that the arresting officer lied or fabricated evidence presented at the preliminary hearing. (*Harris* v. *Roderick* (9th Cir. 1997) 126 F.3d 1189, 1198.) When the officer misrepresents the nature of the evidence supporting probable cause and that issue is not raised at the preliminary hearing, a finding of probable cause at the preliminary hearing would not preclude relitigation of the issue of integrity of the evidence.

Finally, at least in cases where the former arrestee himself or herself brings the civil suit, the party against whom collateral estoppel is being asserted would be the same as the party at a prior proceeding.

Therefore, we will follow the Ninth Circuit and hold a prior judicial determination at a preliminary hearing that there was sufficient evidence to hold the plaintiff over for trial may, in some situations, preclude the plaintiff from relitigating the issue of probable cause to arrest in a subsequent civil suit. (*Haupt* v. *Dillard, supra,* 17 F.3d at p. 290.)

However, we conclude that the finding of probable cause at the preliminary hearing in this case does not have collateral estoppel effect because it is apparent from the record that the evidence presented at the preliminary hearing was not the same as the evidence available to Officer Pipersky at the time of plaintiff's arrest. During cross-examination, the complaining witness

testified that, in addition to the photo lineup, she identified plaintiff twice in a live lineup conducted at the jail. Although she never testified to the date of the live lineups, in light of the testimony that these lineups were conducted at the jail sometime after the photo lineup, it is reasonable to infer that these lineups were conducted after plaintiff was arrested. Since the universe of evidence available to Officer Pipersky changed by the time the preliminary hearing was conducted, the issue decided at the preliminary hearing was different from the issue raised in this case, i.e., was there probable cause *at the time plaintiff was arrested?*

Therefore, we conclude that collateral estoppel does not bár plaintiff from relitigating the issue of probable cause to arrest.

## II*

### *Summary Judgment*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

We are not unsympathetic to plaintiff's situation. He spent four months in jail charged with a serious and heinous crime that he might not have committed.

However, there are important public policies supporting the laws which preclude imposition of tort liability on defendants in this case. This court has identified these concerns in *Amylou R.* v. *County of Riverside*: "The criminal law does not enforce itself; instead, our system of law enforcement depends upon 'the investigation of crime and the accusation of offenders by properly trained officers.' [Citations.] The impartiality of that system requires that, when exercising that responsibility, the officers are ' "free to act in the exercise of honest judgment uninfluenced by fear of consequences personal to themselves." ' [Citation.] To eliminate that fear of litigation and to prevent the officers from being harassed in the performance of their duties, law enforcement officers are granted immunity from civil liability, even for the malicious abuse of their power. [Citation.] ' "[I]n the end, [it is] better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. [Citations.]" ' " (*Amylou R.* v. *County of Riverside* (1994) 28 Cal.App.4th 1205, 1212-1213 [34 Cal.Rptr.2d 319].) This court can only hope plaintiff can find some solace in the fact that the system of justice worked, albeit with a delay, and he regained his freedom.

*See footnote, *ante*, page 1138.

The judgment is affirmed.

Ramirez, P. J., and Richli, J., concurred.