**Wesley McINTOSH, Plaintiff—Appellant,**

v.

**Randall PRESTWICH; et al., Defendants—Appellees.**

No. 06–56868.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

Wesley McIntosh, Los Angeles, CA, pro se.

John P. Pringle, Esq., Roquemore Pringle & Moore, Gilbert M. Nishimura, Esq., Seki Nishimura & Watase, Los Angeles, CA, for Defendants–Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Wesley McIntosh appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging the defendants violated his Fourth Amendment rights when they arrested him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Edgerly v. City &*

County of San Francisco, 495 F.3d 645, 658 (9th Cir.2007), and we affirm.

The district court properly dismissed McIntosh's Fourth Amendment claim because he was collaterally estopped from relitigating the probable cause determination made at his preliminary hearing. *See Haupt v. Dillard*, 17 F.3d 285, 288 (9th Cir.1994) (probable cause determination at preliminary hearing provides full and fair opportunity sufficient to support collateral estoppel in subsequent § 1983 action); *see also McCutchen v. City of Montclair*, 73 Cal.App.4th 1138, 87 Cal.Rptr.2d 95, 100 (1999) (noting that Nevada collateral estoppel law, which was applied in *Haupt*, is identical to California law). The state court had before it the same evidence that defendants relied upon to support the warrant for McIntosh's arrest, and McIntosh had a full and fair opportunity to litigate the issue of probable cause. *See Haupt*, 17 F.3d at 289–90.

Because the district court properly dismissed McIntosh's only federal claim, it properly dismissed his state law claims without prejudice. *See* 28 U.S.C. § 1367(c); *see also Haynie v. County of Los Angeles*, 339 F.3d 1071, 1078 (9th Cir. 2003).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.