**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DONALD WIGE,
*Plaintiff-Appellant*,

v.

CITY OF LOS ANGELES; OFFICER
RYAN BELLOWS; LEONARD
MCKENSIE; OFFICER JASON LEIKAM,
*Defendants-Appellees*.

No. 10-56515

D.C. No.
2:09-cv-01369-
MMM-PLA

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
September 6, 2012—Pasadena, California

Filed April 16, 2013

Before: Alex Kozinski, Chief Judge, Paul J. Watford
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Watford

## SUMMARY[*]

### Civil Rights

Reversing the district court's summary judgment and remanding, the panel held that issue preclusion did not bar a plaintiff from bringing a 42 U.S.C. § 1983 action for false arrest, false imprisonment, and malicious prosecution.

The panel held that even though at a state court preliminary hearing, a magistrate had found probable cause to believe that plaintiff committed attempted murder, plaintiff raised a genuine dispute in his § 1983 action as to whether the lead detective on the case fabricated evidence by falsely testifying at the hearing that the victim had identified plaintiff as the shooter. The panel held that the identity-of-issues requirement for issue preclusion was not met because the evidence available and known to the detective was different from the evidence presented to the court at the preliminary hearing. At the preliminary hearing, the state court determined only that a reasonable person *could have* believed the detective. It did not (and did not have to) decide whether the detective *should be* believed. Because that was the issue that plaintiff sought to litigate in his § 1983 action, he was not barred by the doctrine of issue preclusion from doing so.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James S. Muller (argued), Law Offices of James Muller, and Chris Ford, Law Office of Chris Ford, Los Angeles, California, for Plaintiff-Appellant.

Amy Jo Field (argued), Deputy City Attorney, and Carmen A. Trutanich, City Attorney, Los Angeles, California, for Defendants-Appellees.

**OPINION**

WATFORD, Circuit Judge:

The State of California charged the plaintiff in this case, Donald Wige, with attempted murder. A jury eventually acquitted Wige, but not before he spent ten months in jail awaiting trial. In this action, brought under 42 U.S.C. § 1983, Wige sues several police officers and their employer, the City of Los Angeles, for false arrest, false imprisonment, and malicious prosecution.

The question before us is whether Wige's action is barred by the doctrine of issue preclusion. At Wige's preliminary hearing in state court, the magistrate judge found probable cause to believe Wige had committed attempted murder. If that finding is entitled to preclusive effect, Wige's § 1983 claims are barred because each claim requires him to prove that defendants lacked probable cause to arrest and prosecute him for that offense. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam).

We begin then with the events at Wige's preliminary hearing. No one disputed that the victim of the charged offense, Carlos Torres, had been shot and struck in the leg by an assailant firing from a moving car. The only issue was whether probable cause existed to believe Wige was the shooter. The State presented no physical evidence tying Wige to the shooting. But the lead detective on the case, Officer Ryan Bellows, testified that he and his partner interviewed Torres shortly after the shooting; that he showed Torres a photographic lineup which included Wige; and that Torres circled Wige's photograph to identify him as the shooter.

Torres, however, told a different story. He testified that he had never seen Wige before and that when the officers showed him the photographic lineup, he told them the shooter was not among those included. Torres further testified that he circled Wige's photograph and wrote a statement purporting to identify Wige as the shooter only because the officers pressured him into doing so after several hours of interrogation. Officer Bellows denied having exerted any pressure on Torres and suggested that Torres's newfound reluctance to finger Wige was the product of a recent death threat from one of Wige's fellow gang members.

At the conclusion of the preliminary hearing, Wige moved to dismiss the attempted murder charge for lack of probable cause. The state court rejected Wige's arguments and bound him over for trial, offering the following explanation: "There are issues in the case. I think most of the issues you addressed are really for the jury to decide; not the Court at the preliminary hearing." A jury subsequently acquitted Wige of the attempted murder charge after hearing testimony from Officer Bellows and from Torres, whose trial

testimony largely tracked what he said at the preliminary hearing.

Now back to this action. The district court granted summary judgment for defendants on the ground that the state court's probable cause finding is entitled to preclusive effect and bars Wige from relitigating the issue of probable cause. The court accepted defendants' argument that, by finding probable cause in the face of Officer Bellows's and Torres's conflicting testimony, the state court necessarily found Officer Bellows credible and Torres not credible. Neither the district court nor defendants ever identified where in the preliminary hearing record the state court purported to make this credibility determination.

To assess whether the district court's preclusion ruling is correct, we look to state law. Federal courts must give "preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *see* 28 U.S.C. § 1738. In California, issue preclusion applies when five requirements are met: (1) the issue sought to be relitigated must be identical to the issue decided in the earlier action; (2) the issue must have been actually litigated and (3) necessarily decided in the earlier action; (4) the earlier decision must be final and made on the merits; and (5) the party against whom issue preclusion is asserted must have been a party to the earlier action or in privity with such a party. *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990). As a general rule, each of these requirements will be met when courts are asked to give preclusive effect to preliminary hearing probable cause findings in subsequent civil actions for false arrest and malicious prosecution.

*McCutchen v. City of Montclair*, 87 Cal. Rptr. 2d 95, 99–101 (Ct. App. 1999).[1]

In particular, the identity-of-issues requirement will generally be satisfied because in most cases the issue resolved at the preliminary hearing is identical to the issue that must be resolved in a false arrest or malicious prosecution action—namely, whether the evidence supports a finding of probable cause. "The quantum of evidence required to support a warrantless arrest is the same as the quantum of evidence required to hold the defendant to stand trial." *Id.* at 100. The test in both instances is whether the available evidence would lead a reasonable person to harbor a strong suspicion of the accused's guilt. *See People v. Campa*, 686 P.2d 634, 638 (Cal. 1984) (arrest); *People v. Uhlemann*, 511 P.2d 609, 612 (Cal. 1973) (preliminary hearing). Thus, so long as the evidence known to the arresting officers is not materially different from the evidence presented at the preliminary hearing, "a finding of sufficiency of the evidence to require the defendant to stand trial is a finding of probable cause to arrest the defendant." *McCutchen*, 87 Cal. Rptr. 2d at 100; *see Haupt v. Dillard*, 17 F.3d 285, 289 (9th Cir. 1994).

If the evidence known to the arresting officers *is* materially different from the evidence presented at the preliminary hearing, however, the identity-of-issues

---

[1] In so holding, *McCutchen* relied on our decision in *Haupt v. Dillard*, 17 F.3d 285, 289 (9th Cir. 1994), which construed Nevada law to the same effect. A more recent California Court of Appeal decision, *Schmidlin v. City of Palo Alto*, 69 Cal. Rptr. 3d 365, 395–96 (Ct. App. 2008), has questioned the soundness of *McCutchen*. Given our resolution of this case, we need not resolve any conflict between *McCutchen* and *Schmidlin*.

requirement will not be met. That fact is reflected in two exceptions California courts have recognized to the general rule according preclusive effect to probable cause findings. First, issue preclusion does not apply in false arrest actions when additional evidence not available to the officers at the time of arrest is presented at the preliminary hearing. *McCutchen*, 87 Cal. Rptr. 2d at 100. A magistrate judge's finding of probable cause based on the testimony of two witnesses, for example, obviously does not resolve whether the officers had probable cause to arrest if only one witness was available and known to them at the time of arrest. *See id.* at 101; *Haupt*, 17 F.3d at 289.[2]

Second, issue preclusion should be denied "where the plaintiff alleges that the arresting officer lied or fabricated evidence presented at the preliminary hearing." *McCutchen*, 87 Cal. Rptr. 2d at 101; *see also Awabdy*, 368 F.3d at 1068. In that circumstance, too, the identity-of-issues requirement will not be met because the evidence available and known to the arresting officers is different from the evidence presented to the court. That the court found probable cause based on the set of facts presented at the preliminary hearing obviously does not resolve whether the officers had probable cause based on the true set of facts known to them. *McCutchen*'s fabricated evidence exception allows plaintiffs who can establish that an officer lied or fabricated evidence to relitigate the issue of probable cause with the falsified evidence removed from the equation or, in cases involving

---

[2] Wige's case does not fall within this exception. The evidence available at the time of Wige's arrest was no different from the evidence presented at his preliminary hearing. At both junctures, the State grounded probable cause almost entirely on Torres's purported identification of Wige as the shooter.

intentional concealment of exculpatory evidence, with the undisclosed evidence added back into the equation. *See Morley v. Walker*, 175 F.3d 756, 760 (9th Cir. 1999) (similar analysis in qualified immunity context).

In our view, Wige's case potentially falls within this latter exception, and the district court therefore erred in granting summary judgment to defendants on issue preclusion grounds. Wige has raised a "genuine dispute," Fed. R. Civ. P. 56(a), as to whether Officer Bellows fabricated evidence at the preliminary hearing by falsely testifying that Torres had identified Wige as the shooter. Wige does not rely on mere speculation that Officer Bellows fabricated evidence; he relies on testimony under oath from Torres himself that the officers pressured him into making a false identification. That alleged fabrication plainly meets the materiality threshold for defeating summary judgment on the merits: All agree that a valid identification by Torres would support a finding of probable cause, but that without his identification probable cause would be absent.

Whether Officer Bellows fabricated evidence at the preliminary hearing is thus the key (and perhaps dispositive) factual issue to be resolved in this action. Defendants contend this issue was actually litigated and resolved against Wige at the preliminary hearing as well, such that he should be precluded from relitigating it here. According to defendants, the state court must have determined that Officer Bellows was telling the truth because otherwise it could not have found probable cause to bind Wige over for trial.

Defendants are correct that in some circumstances a probable cause finding necessarily entails a rejection of challenges raised to the veracity of the arresting officer. *See,*

*e.g.*, *Guenther v. Holmgreen*, 738 F.2d 879, 884 (7th Cir. 1984). But in this case the state court never purported to find either that Officer Bellows's testimony was credible or that Torres's testimony was not. After hearing Wige's arguments against probable cause, the state court merely observed: "There are issues in the case. I think most of the issues you addressed are really for the jury to decide; not the Court at the preliminary hearing." Having heard the conflicting evidence, the court did not decide whether Officer Bellows or Torres was telling the truth; it decided only that a reasonable jury could believe either one.

That was all the state court needed to decide in order to find probable cause. At the preliminary hearing, a court's role "is limited to determining whether a *reasonable person* could harbor a strong suspicion of the defendant's guilt, i.e., whether such a person could reasonably weigh the evidence, resolve conflicts, and *give or withhold credence to particular witnesses* in favor of harboring such a suspicion." *Cooley v. Superior Court*, 57 P.3d 654, 668 (Cal. 2002) (second emphasis added). The state court therefore determined only that a reasonable person *could have* believed Officer Bellows. It did not (and did not have to) decide whether Officer Bellows *should be* believed. That is the issue Wige seeks to litigate in this action, and he is not barred by the doctrine of issue preclusion from doing so.

**REVERSED and REMANDED.**