**NOT FOR PUBLICATION**

JUN 04 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT FOREST, | No. 11-16985 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-05970-NJV |
| v. | |
| CITY OF FORT BRAGG; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding

Argued and Submitted April 18, 2013
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM, District Judge.[**]

Robert Forest appeals the dismissal of his federal civil rights action arising

from his arrest for felony assault charges after he pointed a gun at another

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

individual in Fort Bragg, California, on November 8, 2006. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in dismissing Forest's 42 U.S.C. § 1983 claims for false imprisonment and malicious prosecution and his California false imprisonment claim. Forest concedes that the existence of probable cause is a complete defense to these claims. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Forest argues that the district court erred by concluding that the existence of probable cause was fully litigated in his state court preliminary hearing and factual innocence proceedings. Because we agree that the existence of probable cause for his arrest was fully litigated in state court, we affirm. *See Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990); *McCutchen v. City of Montclair*, 87 Cal. Rptr. 2d 95, 99-101 (Ct. App. 1999). This case is distinguishable from this court's recent decision in *Wige v. City of Los Angeles* where plaintiff's allegation of fabricated evidence was not heard in his state court proceedings and, if true, would have undermined the existence of probable cause. No. 10-56515, 2013 WL 1606916, at *3 (9th Cir. April 16, 2013). In this case, testimony from an unbiased witness and the victim of the alleged

2

assault established probable cause even if the victim had an undisclosed history of mental illness or violence.

The district court also correctly dismissed Forest's claim that defendants suppressed material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We decline to reach the question left open in *Smith v. Almada*, 640 F.3d 931, 941 (9th Cir. 2011) (Gwin, J., concurring), asking whether *Brady* claims can be brought by a defendant who was not convicted. Even assuming that *Brady* applies and that the government failed to disclose information about the victim's mental health history, Forest did not suffer prejudice in the probable cause determination in light of the eyewitness testimony of the November 8, 2006 incident.

**AFFIRMED.**