NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. COTTON, | No. 16-56898 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02314-VAP-AGR |
| v. | |
| COUNTY OF SAN BERNARDINO, a political subdivision; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Robert A. Cotton appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims

stemming from his arrest and criminal prosecution.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fed. R. Civ. P. 12(b)(6). *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court properly dismissed Cotton's claims for false arrest, false imprisonment, and malicious prosecution because Cotton was collaterally estopped from relitigating the probable cause determination made in Cotton's prior state criminal action. *See Wige v. City of Los Angeles*, 713 F.3d 1183, 1185-86 (9th Cir. 2013) (setting forth requirements in a subsequent § 1983 action for issue preclusion under California law and circumstances for when a court can give preclusive effect to a probable cause determination from a prior preliminary hearing).

The district court properly dismissed Cotton's claims against the prosecutor defendants on the basis of prosecutorial immunity because Cotton failed to allege facts sufficient to show that the actions of these defendants were not "intimately associated with the judicial phase of the criminal process . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (prosecutorial immunity applies even where a prosecutor commits a *Brady* violation).

The district court properly dismissed Cotton's claims against his public defenders because those defendants are not state actors subject to liability under § 1983. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003)

(public defender performing the role of an attorney for a client is not a state actor under § 1983).

The district court properly dismissed Cotton's conspiracy claims because Cotton failed to allege facts sufficient to show that defendants conspired together to violate Cotton's rights based on his membership in a protected class. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (elements of a § 1985 claim); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.").

The district court did not abuse its discretion by denying Cotton leave to amend his first amended complaint because Cotton had already been given notice of the pleading deficiencies and an opportunity to amend, and further amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that a district court's discretion is particularly broad where it has already granted leave to amend).

We reject as unsupported by the record Cotton's contentions that the district court applied the incorrect pleading standard and that the district court was biased

against him.

**AFFIRMED.**