**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE CRAIG PATTERSON, *Plaintiff-Appellant*, v. CITY OF YUBA CITY, *Defendant-Appellee.* | No. 16-16001 D.C. No. 2:12-cv-01350-MCE-CKD ORDER CERTIFYING QUESTION TO THE CALIFORNIA SUPREME COURT |

Filed March 7, 2018

Before: William A. Fletcher and Richard A. Paez, Circuit
Judges, and Claudia Wilken,[*] District Judge.

---

[*] The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

## SUMMARY[**]

### Civil Rights

The panel certified the following question to the California Supreme Court:

Does a finding of probable cause at a preliminary hearing preclude a false arrest claim?

The panel withdrew the case from submission and stayed further proceedings pending final action by the California Supreme Court.

## ORDER

We certify the question set forth in Part II of this order to the California Supreme Court. The answer to this question is dispositive of the case, is not provided by clear California precedent, and implicates the adjudication of California false arrest claims against law enforcement officers. *See* Cal. R. Ct. 8.548. Moreover, because the California Courts of Appeal are split on how best to resolve the issue, "considerations of comity and federalism suggest that the highest court in California, rather than our court, should have the opportunity to answer this question in the first instance." *Klein v. United States*, 537 F.3d 1027, 1028 (9th Cir. 2008). We therefore respectfully request that the California Supreme

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Court exercise its discretion to decide the certified question presented below. All further proceedings in this case are stayed pending final action by the California Supreme Court, and this case is withdrawn from submission until further order of this court.

## I. Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1).

The caption of this case is:

No. 16-16001

LONNIE CRAIG PATTERSON,

Plaintiff and Appellant,

v.

CITY OF YUBA CITY,

Defendant and Appellee.

The names and addresses of counsel are:

*For Plaintiff-Appellant Lonnie Patterson*: Phillip A. Cooke, Law Offices of Phillip A. Cooke, 1215 Plumas St., Suite 1800, Yuba City, CA 95991; Curtis Brooks Cutter, John Parker, Jr., Cutter Law PC, 401 Watt Avenue, Sacramento, CA 95864.

*For Defendant-Appellee City of Yuba City*: Bruce A. Kilday, John A. Whitesides, Angelo, Kilday & Kilduff, 601 University Avenue, Suite 150, Sacramento, CA 95825.

If the request for certification is granted, Plaintiff-Appellant Lonnie Patterson should be deemed the petitioner in the California Supreme Court.

## II.  Certified Question

Pursuant to California Rule of Court 8.548(b)(2), we certify the following question of state law before us:

1.  Does a finding of probable cause at a preliminary hearing preclude a false arrest claim?

Our phrasing of the question should not restrict the California Supreme Court's consideration of the issues involved.  Cal. R. Ct. 8.548(f)(5).  We will accept and follow the decision of the California Supreme Court.  Cal. R. Ct. 8.548(b)(2).

## III.  Statement of Facts

### A.

Lonnie Patterson ("Patterson") and his deceased fiancée, Victoria Rogers-Vasselin ("Rogers-Vasselin") were residents of Yuba City in Sutter County, California.  On May 20, 2010, Yuba City police officers decided to investigate a report that a woman at Rogers-Vasselin's house had brandished a firearm at someone earlier in the day.  The officers arrived at Rogers-Vasselin's address late that night, just as Patterson and Rogers-Vasselin were retiring for the evening.  Shortly

thereafter, Patterson told Rogers-Vasselin that he thought he heard someone knocking on their front door. She urged him to check and take a gun for protection, since she was concerned about recent reports of gang activity and robberies in the neighborhood. Patterson, heeding his fiancée's request, retrieved a handgun from the house before opening the front door.

The parties dispute what happened next. In his declaration, Patterson states that he did not point his gun at Officer Catherine Alestra ("Alestra"), the officer who knocked on the door; Yuba City officers testified at his preliminary hearing that he did. Regardless, the officers demanded that Patterson drop his gun and put his hands in the air. Patterson immediately complied. At some point during this exchange, Rogers-Vasselin had also made her way to the front door, where she stood with a shotgun in hand and the barrel pointing downwards. The officers shot and killed Rogers-Vasselin after ordering her to drop her weapon. They then arrested Patterson for assault.

Local prosecutors charged Patterson with two felony offenses: (1) assault upon a peace officer with a firearm under California Penal Code § 245(d)(1); and (2) assault upon the person of another with a firearm under California Penal Code § 245(a)(2). At the preliminary hearing, the prosecution called two officers, Sergeant Stephan Thornton ("Thornton") and Officer William Wolfe ("Wolfe"), to testify. The prosecution did not call Officer Alestra. Patterson did not testify at the preliminary hearing, nor did he call any witnesses. The magistrate limited the defense's cross-examination and did not permit questions pertaining to whether the officers "intend[ed] to do something illegal." The magistrate reasoned that subjective intent was

"irrelevant" to the legality of the officers' actions on the night Patterson was arrested.

Sergeant Thornton testified that he arrived at the residence after the other six officers and was informed by Officer Alestra some time later that a white male, later identified as Patterson, had pointed his gun at her chest. Sergeant Thornton arrived too late to witness Patterson's interaction with Officer Alestra. On cross-examination, Sergeant Thornton admitted that based on the dispatcher's information, he was initially unaware that Officer Alestra was dealing with a subject who had pointed a gun specifically at Officer Alestra. Officer Wolfe, the arresting officer, testified that he personally saw Patterson point his gun "approximately less than a foot away from [Officer Alestra's] throat and head area" after he opened the front door.

Based on the officers' testimony, the magistrate found that it was "clear from the evidence" that Patterson had "point[ed] a firearm at [Officer Alestra]." The magistrate separately added that it was less clear whether Patterson "intended to commit an assault with a firearm on the person who was on his porch, whoever it was," although there was some supporting evidence of intent. The magistrate ultimately concluded, however, that there was "reasonable and probable cause to believe that . . . Patterson committed a violation of Section 242(a)(2) of the Penal Code" and "certif[ied] the matter to trial court for arraignment." The magistrate also reduced the charge to a misdemeanor. The magistrate declined to certify the charged violation of section 245(d)(1) for trial. Patterson was ultimately acquitted of all charges by a jury in 2014 after his first trial resulted in a hung jury.

## B.

Four days before the preliminary hearing, Patterson filed the present suit in the United States District Court for the Eastern District of California against Yuba City, among other defendants. In response to the complaint, Yuba City asserted several affirmative defenses, including probable cause to arrest and res judicata.[1] Of his six claims, Patterson later stipulated to dismissing three. Yuba City moved for summary judgment on Patterson's remaining claims for violation of his Fourth Amendment rights under 42 U.S.C. § 1983, intentional infliction of emotional distress, and false arrest and imprisonment. Patterson filed an opposition to Yuba City's motion for summary judgment only with respect to his false arrest claim. The district court granted Yuba City's motion for summary judgment. Citing *McCutchen v. City of Montclair*, 73 Cal. App. 4th 1138 (1999), the district court concluded that Patterson's false arrest claim was barred by collateral estoppel (issue preclusion) due to the probable cause finding at the preliminary hearing. Because Patterson was "collaterally estopp[ed] from denying the existence of probable cause" and therefore could not negate Yuba City's affirmative defense, the district court did not analyze whether Patterson had established a prima facie case of false arrest.

Patterson timely appealed.

---

[1] Under California law, probable cause to arrest is an affirmative defense to a claim of false arrest. *See Miller v. Glass*, 282 P.2d 501, 503 (Cal. 1955) (explaining that lack of probable cause has "no bearing . . . on charges of false arrest and imprisonment, except . . . where the offense is apparently being committed in the presence of the arresting officer, he may *invoke by way of defense* the doctrine of probable cause to justify the arrest without a warrant" (emphasis added) (citations omitted)).

## IV. Explanation of Certification

Patterson's appeal turns on whether a preliminary hearing determination of probable cause is entitled to preclusive effect in a subsequent suit for false arrest and imprisonment under California's issue preclusion doctrine. If the California Supreme Court accepts certification on this issue, the court's decision will "determine the outcome" of this appeal. Cal. R. Ct. 8.548(a)(1). No controlling California precedent answers this question. *See* Cal. R. Ct. 8.548(a)(2). Significantly, the California Courts of Appeal have split on the issue, inhibiting our ability to "predict how the [California Supreme Court] would decide," as we are bound to do. *McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012). Accordingly, we believe that the California Supreme Court is best suited to address what preclusive effect, if any, a preliminary hearing determination of probable cause may have on a subsequent claim for false arrest and imprisonment.

## A.

In California, "issue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015). The California Courts of Appeal disagree as to whether a preliminary hearing determination of probable cause satisfies these requirements with respect to a subsequent civil suit for false arrest.

In *McCutchen*, the Fourth District of the California Courts of Appeal concluded that "a prior judicial determination at a preliminary hearing that there was sufficient evidence to hold

the plaintiff over for trial may, in some situations, preclude the plaintiff from relitigating the issue of probable cause to arrest in a subsequent suit." 73 Cal. App. 4th at 1147. The court reasoned that "[t]he quantum of evidence required to support a warrantless arrest is the same as the quantum of evidence required to hold the defendant to stand trial." *Id.* at 1146. Therefore, "absent a showing that evidence not available to the arresting officer was presented at the preliminary hearing, a finding of sufficiency of the evidence to require the defendant to stand trial is a finding of probable cause to arrest the defendant." *Id.*

We recognize that *McCutchen* relied, at least in part, on our decision in *Haupt v. Dillard*, which held that "the issue determined at [the plaintiff's] preliminary hearing is identical to the issue whether there was probable cause to arrest him." 17 F.3d 285, 289 (9th Cir. 1994). *Haupt*, however, turned on our application of Nevada—not California—law. *Id.* at 288–89.

More importantly, *McCutchen*'s reasoning was called into question eight years later by the Sixth District of the California Courts of Appeal in *Schmidlin v. City of Palo Alto*, which questioned whether a preliminary hearing determination of probable cause could satisfy two of the requirements for issue preclusion. 157 Cal. App. 4th 728, 767 (2007). The *Schmidlin* court specifically rejected the premise that a preliminary hearing "either raises the issue of, or provides an adequate opportunity to litigate, the legality of an arrest." *Id.* Although *Schmidlin* ultimately dealt with the preclusive effect of an order following a *suppression hearing*, the Sixth District expressed strong reservations about *McCutchen*'s analysis of preclusion with respect to a preliminary hearing determination of probable cause. *Id.* at

767–68.  Unlike the Fourth District, the Sixth District said unequivocally that "[t]he issue of 'probable cause' to arrest . . . is simply not the same as—let alone identical to—that of sufficient cause to hold the defendant for trial."  *Id.* at 767. And even if the issue were the same, the Sixth District reasoned that "the magistrate's limited factfinding powers do not permit the defendant to 'actually litigate' the issue so as to give the magistrate's ruling preclusive effect in a later civil suit."  *Id.* at 768.

Patterson argues that *Schmidlin*'s approach should govern, because "a preliminary hearing is not a procedure in which [the legality of an arrest] can be conclusively resolved."  Yuba City contends that "[t]he opposing view stated in *Schmidlin* is *dicta*," and therefore cannot support reversal so long as *McCutchen* remains good law.

In the absence of controlling precedent on this question, we are left at an impasse.  *See, e.g.*, *Wige v. City of Los Angeles*, 713 F.3d 1183, 1185 n.1 (9th Cir. 2013) (avoiding the need to "resolve any conflict between *McCutchen* and *Schmidlin*," because Wige was entitled to relief under either approach).  Moreover, although the Second District of the California Courts of Appeal has opted to follow *McCutchen* post-*Schmidlin*, other districts have yet to weigh in.  *Greene v. Bank of America*, 236 Cal. App. 4th 922, 933–35 (2015). Accordingly, neither the Fourth nor the Sixth District's approach can be said to have received substantial endorsement by their sister courts.

## B.

This disagreement between the districts of the California Courts of Appeal underscores the importance of the question

presented to the state and highlights the public policy implications at stake. The applicability of issue preclusion in Patterson's case and others like it impacts both California plaintiffs, who seek redress for alleged official misconduct, and California state and local law enforcement officers, who are tasked with enforcing state law, including the effectuation of arrests. Resolving the question presented will likely require diligent and thoughtful parsing of California's issue preclusion requirements, a magistrate's powers and obligations at a preliminary hearing, and a criminal defendant's ability to adequately contest the issue of probable cause at a preliminary hearing as a matter of California practice. As to this last point, we note that it may often be contrary to a criminal defendant's interest to fully challenge the prosecution's evidence of probable cause by testifying at the preliminary hearing. *See* 2 California Criminal Defense Practice § 41.12[8] (Matthew Bender ed., 2017) ("The defendant may take the stand at the preliminary examination as a witness in his or her own defense although it is a rare, and usually risky, procedure."); Continuing Educ. of the Bar, California Criminal Law Procedure and Practice § 8.13 (2016) ("It is unusual, however, for a defendant to testify or to put on a defense [at a preliminary hearing], because it would provide the prosecution with discovery . . . ."); *see also* Wayne R. LaFave, Jerold H. Israel, Nancy J. King, and Orin S. Kerr, 4 Criminal Procedure, § 14.1(d) (4th ed.) ("For reasons discussed in § 14.4(d), the defense rarely will have its own witnesses testify at the preliminary hearing.").

After careful consideration, and in light of the division amongst the California Courts of Appeal and the importance of the question presented, we believe certification to the California Supreme Court is the most appropriate course of

action.  This is not a decision we make lightly.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010).

## V.  Accompanying Materials

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rules of Court 8.548(c) and (d).

This case is withdrawn from submission.  Further proceedings in this case before our court are stayed pending final action by the California Supreme Court.  The Clerk is directed to administratively close this docket, pending further order.  The parties shall notify this court within fourteen days of the California Supreme Court's acceptance or rejection of certification, and again, if certification is accepted, within fourteen days of the California Supreme Court's issuance of a decision.

**IT IS SO ORDERED.**