NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE CRAIG PATTERSON, | No. 16-16001 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01350-MCE-CKD |
| v. | |
| CITY OF YUBA CITY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued November 16, 2017
San Francisco, California
Submitted September 14, 2018

Before: W. FLETCHER and PAEZ, Circuit Judges, and WILKEN,** District Judge.

Lonnie Patterson ("Patterson") appeals the district court's summary judgment in favor of Defendant Yuba City on his claim for false arrest and imprisonment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

We review *de novo* a district court's grant of summary judgment. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 849 (9th Cir. 2000). "Questions of claim and issue preclusion are also reviewed *de novo*." *Id.* at 849–50.

We apply California's law of collateral estoppel in assessing the preclusive effect of a preliminary hearing determination of probable cause. *See In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994) (citing 28 U.S.C. § 1738). In the absence of binding California Supreme Court precedent, we "must predict how the highest state court would decide the issue using intermediate appellate court decisions, among other sources of authority, as guidance." *McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012) (internal quotation marks omitted).

Although the California Supreme Court has yet to address this precise issue,[1] the California courts of appeal have held that a preliminary hearing determination "that there was sufficient evidence to hold the plaintiff over for trial may, in some situations, preclude the plaintiff from relitigating the issue of probable cause to arrest in a subsequent civil suit." *McCutchen v. City of Montclair*, 73 Cal. App. 4th 1138, 1147 (1999) (citing *Haupt v. Dillard*, 17 F.3d 285, 290 (9th Cir. 1994));

---

[1] Citing *McCutchen v. City of Montclair*, 73 Cal. App. 4th 1138 (1999) and *Greene v. Bank of Am.*, 236 Cal. App. 4th 922 (2015), the California Supreme Court denied our certification request. *See Patterson v. Yuba City*, 884 F.3d 838 (9th Cir. 2018). We therefore rely on *McCutchen* as a guide for how the California Supreme Court would decide this case, rather than *Schmidlin v. City of Palo Alto*, 157 Cal. App. 4th 728 (2007), which did not involve a preliminary hearing determination of probable cause.

2

*see also Greene v. Bank of Am.*, 236 Cal. App. 4th 922, 933–35 (2015). A preliminary hearing determination of probable cause in California, however, will not preclude a subsequent false arrest claim in the following circumstances: (1) the plaintiff is able to "demonstrate that the issue of probable cause was not litigated at the preliminary hearing for tactical reasons"; (2) the plaintiff has alleged that "the arresting officer lied or fabricated evidence presented at the preliminary hearing"; or (3) "the evidence presented at the preliminary hearing [was] not the same as the evidence available to [the officers] at the time of plaintiff's arrest." *McCutchen*, 73 Cal. App. 4th at 1147.

Patterson argues that the district court erroneously granted Yuba City summary judgment on his false arrest claim because his preliminary hearing falls within the first two exceptions recognized in *McCutchen*. We disagree. While defendants rarely "take the stand at the preliminary examination" because of the risks involved, Patterson has put forth no evidence suggesting that he did not testify at the preliminary hearing or present other evidence for tactical reasons. 2 California Criminal Defense Practice § 41.12[8] (Matthew Bender ed., 2017). Nor is there any other evidence suggesting that Patterson was unable to fully litigate the issue of probable cause at the preliminary hearing for strategic considerations.

Patterson's argument that the testifying officer at the preliminary hearing lied or fabricated evidence is similarly without merit. As we have said before,

3

"mere speculation" that an officer fabricated evidence is insufficient to defeat summary judgment in these circumstances. *Wige v. City of Los Angeles*, 713 F.3d 1183, 1186 (9th Cir. 2013). All Patterson has pointed to is that two officers, one testifying and one not, differed in whether they personally saw Patterson answer the front door with his gun raised. But this does not suggest fabrication. As Yuba City points out, the two officers stood in completely different spots on the night in question, which could have affected what they saw without making either account false. This is a far cry from *Wige*, where a witness testified under oath that the officers pressured him into lying at the preliminary hearing. 713 F.3d at 1186.

Because Patterson fails to qualify for any of the exceptions outlined in *McCutchen*, we conclude that the district court did not err in granting summary judgment to Yuba City on Patterson's false arrest and imprisonment claim. Given this disposition, we do not address Yuba City's remaining arguments.

**AFFIRMED.**