**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS FLORES, | No.  20-15083 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-01393-JLT |
| v. | |
| CITY OF BAKERSFIELD; JOSEPH GALLAND, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Argued and Submitted January 13, 2021
San Francisco, California

Before:  BEA and M. SMITH, Circuit Judges, and RESTANI,[**] Judge.

In June 2017, Jesus Flores was tried for, and acquitted of, assaulting his two-month-old son, M.F.  He subsequently brought this civil suit under 42 U.S.C. § 1983 alleging constitutional and state law claims based on Detective Galland's alleged

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

fabrication of evidence, deliberate indifference to Flores's innocence, deliberate indifference to the likelihood that his coercive interrogation techniques would result in inaccurate information, lack of probable cause to arrest and detain him, and negligence.[1] The district court granted Defendants' motion for summary judgment. Flores appealed, and we affirm. Because the parties are familiar with the facts, we do not repeat them here except where necessary to give context.

On appeal, Flores first argues that Galland fabricated evidence against him in violation of the constitution through (1) Galland's report and testimony that Flores shook the doll with the head unsupported during his interrogation; (2) calling Dr. Naven's opinion that child abuse occurred "unequivocal"; (3) shortening Dr. Naven's time frame for the occurrence of the injury from six hours to two hours; (4) feeding false information to Dr. Hyden; and (5) inventing Dr. Hyden's "ten minutes" figure.

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). Regardless whether the evidence is sufficient to raise an inference of deliberate fabrication, there is no triable issue of fact as to whether the

---

[1] Flores raised several other claims in his complaint that he has abandoned in this appeal.

2

fabrication caused Flores's deprivation of liberty. Flores was the only person present when M.F. stopped breathing. M.F.'s injuries suggested head trauma and shaking. At his deposition and at the preliminary hearing, Galland testified that Dr. Naven told him that there were multiple subdural hematomas in varying stages of healing and that there was bruising on M.F.'s face. At the preliminary hearing, Galland also stated that Dr. Hyden told him that M.F.'s corner and bucket-handle fractures, retina hemorrhaging, and torn neck ligament were injuries typically due to shaking. There was also no evidence of an alternative cause for M.F.'s respiratory distress, especially considering the limited mobility of M.F. as a two-month-old, which, as Galland mentioned repeatedly in his deposition, reduced the likelihood that the injuries were accidental. This is "sufficient to warrant a prudent man in believing that the suspect" committed the crime. *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004).

Second, Flores contends that Galland was deliberately indifferent to Flores's innocence when he failed to consider other medical explanations for M.F.'s injuries. Because Flores's arrest was proper, this claim also fails. *Spencer v. Peters*, 857 F.3d 789, 799 (9th Cir. 2017).

Third, Flores argues that Galland was deliberately indifferent to the possibility that his interrogation techniques could yield false information, specifically by (1) telling Flores that doctors already determined that M.F. was shaken; and

3

(2) promising Flores forgiveness if he confessed. Flores's claim fails because he has not shown that "Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Spencer v. Peters*, 857 F.3d 789, 799 (9th Cir. 2017).

Fourth, Flores asserts that the probable cause determinations made based on Galland's fabrications should not preclude Flores's civil claims for wrongful arrest and prosecution, and that the jury could reasonably determine that Flores was arrested without probable cause. Collateral estoppel precludes Flores from relitigating the probable cause determinations made in the preliminary hearing because there is no genuine issue of material fact that any fabrications were material to the probable cause determination. *Wige v. City of Los Angeles*, 713 F.3d 1183, 1186 (9th Cir. 2013).

Finally, Flores argues that a jury could reasonably determine that Galland was negligent in his investigation of M.F.'s death. Because Flores's arrest was proper, this claim fails. Galland is also immune from liability for this claim. California Government Code § 821.6.

**AFFIRMED.**