**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAHOO! INC., a Delaware corporation, *Plaintiff-Appellant*, | No. 17-16452 |
| v. | D.C. No. 5:17-cv-00447-NC |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a Pennsylvania corporation, *Defendant-Appellee.* | ORDER CERTIFYING QUESTION TO THE CALIFORNIA SUPREME COURT |

Filed January 16, 2019

Before:  MILAN D. SMITH, JR., and JACQUELINE H. NGUYEN, Circuit Judges, and JANE A. RESTANI,[*] Judge.

Order

---

[*] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY[**]

### Insurance Law / Right of Privacy

The panel certified to the California Supreme Court the following question:

> Does a commercial liability policy that covers "personal injury," defined as "injury . . . arising out of . . . [o]ral or written publication . . . of material that violates a person's right of privacy," trigger the insurer's duty to defend the insured against a claim that the insured violated the Telephone Consumer Protection Act by sending unsolicited text message advertisements that did not reveal any private information?

### ORDER

We ask the California Supreme Court to resolve an important and unresolved question of state law. The right to privacy is generally understood to encompass both a right "to be free from unwanted intrusions," known as the right to seclusion, as well as a right "to keep personal information confidential," known as the right to secrecy. *State Farm Gen. Ins. v. JT's Frames, Inc.*, 104 Cal. Rptr. 3d 573, 585 (Ct. App. 2010); *see ACS Sys., Inc. v. St. Paul Fire & Marine Ins.*, 53 Cal. Rptr. 3d 786, 794–95 (Ct. App. 2007).

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Many commercial general liability policies cover "injury . . . arising out of . . . [o]ral or written publication . . . of material that violates a person's right of privacy." *See Penzer v. Transp. Ins.*, 545 F.3d 1303, 1311 (11th Cir. 2008) (discussing this "widely used language"). Courts nationwide are divided as to whether such a provision covers injury solely to the right to seclusion, such as where the insured's unsolicited advertising message disturbs the recipient's privacy but does not reveal a third party's private information. *Compare, e.g.*, *Columbia Cas. Co. v. HIAR Holding, L.L.C.*, 411 S.W.3d 258, 269–70 (Mo. 2013) (finding coverage), *Penzer v. Transp. Ins.*, 29 So. 3d 1000, 1002 (Fla. 2010) (same), *and Terra Nova Ins. v. Fray-Witzer*, 869 N.E.2d 565, 574 (Mass. 2007) (same), *with, e.g.*, *Auto-Owners Ins. v. Websolv Computing, Inc.*, 580 F.3d 543, 550–51 (7th Cir. 2009) (finding no coverage under Iowa law), *and Res. Bankshares Corp. v. St. Paul Mercury Ins.*, 407 F.3d 631, 642 (4th Cir. 2005) (same under Virginia law). Of the two California courts to address this issue, *ACS Systems* suggested that such a provision would provide coverage, *see* 53 Cal. Rptr. 3d at 798, but *JT's Frames* held that it does not, *see* 104 Cal. Rptr. 3d at 588.

This issue frequently arises in claims under the Telephone Consumer Protection Act of 1991 ("TCPA"), a statute which generally prohibits the use of "any . . . device to send, to a telephone facsimile machine, an unsolicited advertisement."[1]   47 U.S.C. § 227(b)(1)(C). The TCPA's explicit purpose "is to protect privacy rights," *L.A. Lakers, Inc. v. Fed. Ins.*, 869 F.3d 795, 803 (9th Cir. 2017) (lead

---

[1] The TCPA permits unsolicited advertisements as part of an established business relationship or with notice of the recipient's right to opt out of future advertising. *See* 47 U.S.C. § 227(b)(1)(C), (b)(2)(D)–(E).

opinion); *see* 47 U.S.C. § 227(b)(2)(C) (referencing "the privacy rights that [the TCPA] is intended to protect")—specifically, the right to seclusion. *See Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1249 (10th Cir. 2006) ("Courts have consistently held the TCPA protects a species of privacy interest in the sense of seclusion."). Because the TCPA does not implicate violations of the right to secrecy, insurance coverage of TCPA liability turns on whether "publication . . . of material that violates a person's right of privacy" applies to the right to secrecy, seclusion, or both.

We need guidance in applying California's rules governing the interpretation of insurance policies in this context. Although we may hazard a guess, the tension between the two California Court of Appeal decisions "inhibit[s] our ability to 'predict how the [California Supreme Court] would decide,' as we are bound to do." *Patterson v. City of Yuba City*, 884 F.3d 838, 841 (9th Cir. 2018) (second alteration in *Patterson*) (quoting *McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012)). The California Supreme Court sometimes looks to decisions in other jurisdictions for their persuasive value, *see, e.g.*, *People v. Wade*, 369 P.3d 546, 548 (Cal. 2016); *TRB Invs., Inc. v. Fireman's Fund Ins.*, 145 P.3d 472, 476 (Cal. 2006) (reversing Court of Appeal's construction of insurance policy based in part on "different interpretations of this or similar language" by out-of-state courts), but the inconsistent results from courts outside of California only increase the difficulty in predicting how the California Supreme Court would rule. *Compare Am. States Ins. v. Capital Assocs. of Jackson Cty., Inc.*, 392 F.3d 939, 940, 943 (7th Cir. 2004) (holding it was "[s]o clear" under Illinois law that TCPA claims were not "publication of material that violates a person's right of privacy" that the insurer did not

need to provide a defense), *with Valley Forge Ins. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 323 (Ill. 2006) (holding that under Illinois law such a policy provision did indeed cover TCPA claims).

## I.

### Certified Question

Therefore, pursuant to Rule 8.548 of the California Rules of Court, we respectfully ask the California Supreme Court to exercise its discretion to decide the following certified question:

> Does a commercial liability policy that covers "personal injury," defined as "injury . . . arising out of . . . [o]ral or written publication . . . of material that violates a person's right of privacy," trigger the insurer's duty to defend the insured against a claim that the insured violated the Telephone Consumer Protection Act by sending unsolicited text message advertisements that did not reveal any private information?

Our phrasing of the question should not restrict the California Supreme Court's consideration of the issues involved. The California Supreme Court may rephrase the question as it sees fit in order to address the parties' contentions. *See* Cal. R. Ct. 8.548(f)(5). If the California Supreme Court agrees to decide this question, we agree to accept its decision. *See id.* R. 8.548(b)(2). We recognize that the California Supreme Court has a substantial caseload, and we submit this question because of its significance to the many class actions involving TCPA claims against insureds

with these policies and the large amounts of potential liability at stake.

## II.

## Background Facts

National Union sold Yahoo! five consecutive one-year policies for commercial general liability insurance, which consisted of a standard policy form modified by an endorsement that the parties negotiated. Subject to certain exclusions, the standard policy covered liability for both "personal and advertising injury," defined as injury arising out of any of seven specified offenses, including "[o]ral or written publication, in any manner, of material that violates a person's right of privacy." The standard policy excluded personal and advertising injury arising from the distribution of material in violation of the TCPA.

The endorsement modified this coverage in three key ways. First, it deleted the express exclusion of injuries arising from TCPA violations. Second, it limited the scope of coverage to "personal injury," which it defined as injury arising out of any of five offenses:

    a.  False arrest, detention, or imprisonment;

    b.  Malicious prosecution;

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication, in any manner, of material that violates a person's right of privacy.

Third, the endorsement excluded coverage of "advertising injury," which it defined as injury arising from any of four offenses:

a. Oral or written publication, in any manner, of material in your "advertisement" that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication, in any manner, of material in your "advertisement" that violates a person's right of privacy;

c. The use of another's advertising idea in your "advertisement"; or

d. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

Yahoo! was a defendant in five putative class actions—two in California, two in Illinois, and one in Pennsylvania—alleging injuries that arose during the time periods covered by the National Union policies. All five lawsuits alleged that Yahoo! violated the TCPA by transmitting unsolicited text message advertisements to putative class members. The California lawsuits alleged that Yahoo! "invad[ed] [the plaintiffs'] privacy" by negligently or willfully sending them

unsolicited text messages in violation of the TCPA. In addition, one of the Illinois lawsuits asserted that the TCPA claim was "an effort to enforce [the plaintiffs'] fundamental federal right to privacy."

When National Union refused to tender a defense in the underlying TCPA litigation, Yahoo! commenced this action for breach of contract. The district court granted National Union's motion to dismiss, concluding that the policy's coverage of personal injury arising out of "publication . . . of material that violates a person's right of privacy" does not apply to Yahoo!'s TCPA liability.

## III.

### California Case Law

Two California Courts of Appeal have addressed whether "right of privacy" insurance provisions cover TCPA violations. In *ACS Systems*, the policy covered "advertising injury" only and the advertising injury offense at issue was "[m]aking known *to any person or organization* written or spoken material that violates an individual's right of privacy." 53 Cal. Rptr. 3d at 790, 794 (emphasis added). The court interpreted this language "such that the injured party is the one whose private material is *made known*, not the one *to whom* the material is made known." *Id.* at 795 (quoting *Res. Bankshares*, 407 F.3d at 641). Thus, *ACS Systems* held that TCPA claims, which implicate the right to seclusion, were not covered under the policy, which was limited to violations of the right to secrecy, because "the recipient of an unauthorized advertising fax has no claim that 'material that violates an individual's right of privacy' has been 'made known' to a third party." *Id.* at 795–96.

*ACS Systems* distinguished several cases finding TCPA coverage where the policy language, like that here, covered advertising injury "arising out of . . . oral or written publication of material that violates a person's right of privacy." *Id.* at 798 (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 314 F. Supp. 2d 1094, 1099 (D. Kan. 2004)). *ACS Systems* concluded that those cases involved "differ[ent]" policy language that "did not define 'right of privacy' or 'oral or written publication.'" *Id.*; *cf. Swiderski Elecs.*, 860 N.E.2d at 322 (finding coverage under the policy language at issue here and observing that "wording seems to have been an important factor" in *Resource Bankshares*' opposite result under policy language similar to that in *ACS Systems*).

In *JT's Frames*, the Court of Appeal considered the policy language that *ACS Systems* found distinguishable—advertising injury arising from "oral or written publication of material that violates a person's right of privacy"—and held that it did not cover TCPA liability. *JT's Frames*, 104 Cal. Rptr. 3d at 576, 588. In reaching this holding, *JT's Frames* relied principally on the "last antecedent" canon of construction, which provides that "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote." *People v. Pennington*, 400 P.3d 14, 21 (Cal. 2017) (quoting *People v. Lewis*, 181 P.3d 947, 1002 (Cal. 2008)). Applying this rule, *JT's Frames* concluded that "the phrase 'that violates a person's right to privacy' must be construed to modify the word 'material'" rather than the phrase "publication of material." 104 Cal. Rptr. 3d at 586. The court reasoned that "to come within the policies' definition of advertising injury, the *material* at issue must 'violate[] a person's right to privacy.'" *Id.* (alteration in original). And that would be the

case "only if the material contained confidential information and violated the victim's right to secrecy." *Id.*

Other courts disagree that the last antecedent canon necessarily applies in this context. *See Penzer*, 29 So. 3d at 1007 (observing that "the doctrine . . . is not an absolute rule" and finding "that the clause 'that violates a person's right of privacy' is applicable as much to 'publication' as to 'material;' therefore, the clause should be read as applicable to all"); *Owners Ins. v. European Auto Works, Inc.*, 695 F.3d 814, 821 (8th Cir. 2012) ("While it is possible that the limiting phrase was intended to modify only the *word* 'material,' it is equally possible to read the provision so that the limiting phrase modifies the preceding *phrase* 'publication of material.'"); *Cynosure, Inc. v. St. Paul Fire and Marine Ins.*, 645 F.3d 1, 5 n.3 (1st Cir. 2011) ("It is not so clear that 'publication' would not be fairly read as modified, even with 'material' in between.").

Courts in other jurisdictions also take issue with *JT's Frames*' assumption that "material" violates a person's right to privacy only if it reveals that person's secret information to a third party. *See Penzer*, 29 So. 3d at 1007 ("[E]ven if the phrase 'that violates a person's right of privacy' only modifies the term 'material,' it does not follow that only the secrecy right to privacy is implicated because 'material' could also invade one's seclusion."); *Fray-Witzer*, 869 N.E.2d at 574 ("In effect, the insurers argue that the policy's definition of injury should be read to say '[o]ral or written publication of material, *the content of which* violates a person's right of privacy.'").

*JT's Frames* also looked to the provision's context in the policy as one of four "advertising injury" offenses. 104 Cal. Rptr. 3d at 587. The other three types of advertising injury "all involve[d] injury caused by the information contained in

the advertisement." *Id.* Given that context, *JT's Frames* concluded that the "right of privacy" provision "may most reasonably be interpreted as referring to advertising material whose *content* violates a person's right of privacy." *Id.*

One of the neighboring "advertising injury" offenses in *JT's Frames*, "oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services," *id.*, is nearly identical to one of the "personal injury" offenses here. However, the other three "personal injury" offenses covered in the policy here—"[f]alse arrest, detention, or imprisonment," "malicious prosecution," and "wrongful . . . invasion of the right of private occupancy"—are different and do not involve injury caused by information in an advertisement. Moreover, the two "personal injury" offenses covered here that are similar to "advertising injury" offenses covered in the *JT's Frames* policy also have analogues in the "advertising injury" offenses here that are excluded from coverage. The difference between the parallel provisions in the policy here is that in the "advertising injury" offenses, the word "material" is immediately followed by "in your 'advertisement'" whereas the "personal injury" offenses lack this modification. Thus, there are significant differences between the contextual setting here and in *JT's Frames*.

We would greatly benefit from knowing whether the California Supreme Court agrees with *JT's Frames* application of the last antecedent rule and to what extent its interpretation of the relevant policy language depends on other contextual factors—in particular, the distinction between personal and advertising injury. We therefore respectfully ask that the California Supreme Court decide the certified question.

## IV.

## Administrative Information

We provide the following information as required by California Rule of Court 8.548(b)(1).

The title of this case is: YAHOO! INC., Plaintiff-Appellant v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Defendant-Appellee.

The case number in our court is 17-16452.

Plaintiff-Appellant Yahoo! Inc. is represented by the following counsel:

William T. Um
Jassy Vick Carolan LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017

Defendant-Appellee National Union Fire Insurance Company of Pittsburgh, Pennsylvania is represented by the following counsel:

Jodi S. Green
Nicolaides Fink Thorpe Michaelides Sullivan LLP
626 Wilshire Boulevard, Suite 1000
Los Angeles, California 90017

Richard H. Nicolaides, Jr. and Daniel I. Graham, Jr.
Nicolaides Fink Thorpe Michaelides Sullivan LLP
10 South Wacker, 21st Floor
Chicago, Illinois 60606

Matthew Lovell
Nicolaides Fink Thorpe Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, California 94104

We designate Yahoo! Inc. as the petitioner if our request for a decision is granted, as it is the appellant before our court.

\*          \*          \*

We direct the Clerk of Court to transmit immediately to the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, as well as an original and 10 copies of this order, with a certificate of service on the parties. *See* Cal. R. Ct. 8.548(c)–(d).

This case is withdrawn from submission and will be resubmitted following receipt of the California Supreme Court's opinion on the certified question or notification that it declines to answer the certified question. The Clerk of Court shall administratively close this docket pending a ruling by the California Supreme Court. The panel shall retain jurisdiction over further proceedings in this court.

The parties shall notify the Clerk of Court within one week after the California Supreme Court accepts or rejects certification. In the event that the California Supreme Court grants certification, the parties shall notify the Clerk of Court within one week after the California Supreme Court renders its opinion.

**IT IS SO ORDERED.**