**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE SOULIOTES,

          Plaintiff-Appellant,

v.

CITY OF MODESTO; et al.,

          Defendants-Appellees.

No.   17-15277

D.C. No.
1:15-cv-00556-LJO-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted February 12, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and ILLSTON,[**] District Judge.

This is a tragic case. For 16 years, George Souliotes was wrongly

imprisoned for a crime he has contended from the outset he did not commit. He

alleges that the defendants are responsible for his wrongful imprisonment because

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

they fabricated the key evidence against him and withheld exculpatory evidence that might have changed the outcome of the trial. The allegations in his complaint would have sufficed to avoid dismissal at the pleading stage before the Supreme Court decided *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But Souliotes has not alleged sufficient facts to satisfy the more demanding pleading standard established by those decisions. For that reason, we reluctantly affirm the district court's judgment dismissing his action with prejudice.

We note at the outset that the district court did not abuse its discretion by denying Souliotes' motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. We therefore confine our review to the adequacy of the allegations contained in the First Amended Complaint, although we would reach the same result even if the new allegations included in the proposed Second Amended Complaint were considered.

The core allegations in the complaint assert that the defendants framed Souliotes by fabricating Sandoval's eyewitness identification as well as the expert opinion testimony declaring that the fire was caused by arson. Those allegations are not backed by "factual content that allows the court to draw the reasonable inference" that the defendants fabricated the evidence in question. *Iqbal*, 556 U.S.

at 678.  The complaint forcefully asserts *conclusions* concerning alleged fabrication of evidence, but that is no longer enough.  To survive a motion to dismiss, a plaintiff must now allege enough underlying factual material from which the stated conclusions may plausibly be inferred.  Souliotes' complaint fails to allege the needed factual material, notwithstanding his access to the information revealed in lengthy and successfully litigated habeas proceedings that eventually led to his release.

The same deficiency requires us to affirm the dismissal of Souliotes' claims for suppression of evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), or *Arizona v. Youngblood*, 488 U.S. 51 (1988).  The complaint alleges that the police failed to disclose a sketch prepared by Sandoval and a recording of their interview with her.  The complaint further alleges that this evidence was exculpatory and material because Sandoval's initial description of the suspect and his vehicle did not match Souliotes or his vehicle.  That allegation is insufficient without greater factual detail because at trial the jury learned that Sandoval's initial description of the suspect and his vehicle did not match Souliotes or his vehicle, and she was cross-examined about those discrepancies.  Thus, to infer that the allegedly suppressed evidence might have been material (*i.e.*, might have changed the outcome of the trial), we would need to know something about the nature of the

discrepancies revealed in the sketch and recording. Only then could we even begin to infer that possessing the sketch and recording would have allowed Souliotes' counsel to mount a sufficiently more effective cross-examination of Sandoval, such that the outcome of the trial might have been different. The complaint is wholly devoid of the necessary factual allegations on this score.

The district court properly dismissed Souliotes' malicious prosecution claim. Souliotes was bound over for trial following a preliminary hearing, which entails a factual finding that probable cause existed to prosecute him for the charged offenses. That finding is generally entitled to preclusive effect in a subsequent suit for malicious prosecution, unless the plaintiff can plausibly allege that evidence presented at the preliminary hearing was fabricated or that material exculpatory evidence was withheld. *Wige v. City of Los Angeles*, 713 F.3d 1183, 1185–86 (9th Cir. 2013); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). As discussed above, the complaint does not plausibly allege either fabrication of evidence or suppression of material exculpatory evidence. As a result, we need not resolve whether Souliotes can satisfy the favorable termination element of his claim.

The district court properly dismissed Souliotes' remaining claims for supervisory liability, conspiracy, and liability under *Monell v. Department of*

*Social Services*, 436 U.S. 658 (1978). The allegations supporting those claims, too, fail to satisfy the pleading standard established by *Twombly* and *Iqbal*.

Defendants' motion for judicial notice (Docket Entry 17) is **GRANTED**.

**AFFIRMED.**