**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEFAN MATTHEW WILCOX,

Plaintiff-Appellant,

v.

CITY OF LOS ANGELES; et al.,

Defendants-Appellees.

No. 20-56343

D.C. No.
2:19-cv-00622-GW-FFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 26, 2022**

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

Stefan Wilcox appeals pro se from the district court's orders granting the

City of Los Angeles, the Los Angeles Police Department, and officer Erik

Miranda's motion to dismiss, entering summary judgment in favor of the County

of Los Angeles and the Los Angeles County Sheriff's Department, and granting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the County of Los Angeles, the Los Angeles County Probation Department, and probation officers Scott Arnow and Jose Perez's motion to dismiss. We review de novo a district court's dismissal of a plaintiff's complaint for failure to state a claim under Rule 12(b)(6). *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021). We review de novo a district court's summary judgment. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). We have jurisdiction under 28 U.S.C § 1291, and we affirm.

The district court properly dismissed Wilcox's claims against the City of Los Angeles, the Los Angeles Police Department, and officer Erik Miranda because the claims were wholly dependent upon a fourth amendment wrongful or false arrest showing, and the probable cause determination made by the preliminary hearing criminal trial court could not be relitigated in the district court. *See Wige v. City of Los Angeles*, 713 F.3d 1183, 1185 (9th Cir. 2013) (holding that, as a general rule, the requirements for issue preclusion in California "will be met when courts are asked to give preclusive effect to preliminary hearing probable cause findings in subsequent civil actions for false arrest and malicious prosecution").

The district court properly granted summary judgment in favor of the County of Los Angeles and the Los Angeles County Sheriff's Department on Wilcox's claim for deprivation of civil rights under 42 U.S.C. § 1983 because there was no evidence in the summary judgment record of a policy, custom or practice of

2

the Los Angeles County Sheriff's Department to deprive inmates of their civil rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding that "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury"), *quoting Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

The district court properly granted summary judgment in favor of the County of Los Angeles and the Los Angeles County Sheriff's Department on Wilcox's claims for deprivation of civil rights under 42 U.S.C. §§ 1985(3) and 1986 because there was no evidence in the summary judgment record of a conspiracy to deprive Wilcox of his civil rights. *See United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983) (holding that to state a violation of § 1985(3), "the plaintiff must allege and prove four elements," including "a conspiracy"); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (holding that "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985").

The district court properly granted summary judgment in favor of the County of Los Angeles and the Los Angeles County Sheriff's Department on Wilcox's state law claim for vicarious liability under Cal. Gov't Code § 815.2 because Wilcox failed to comply with the California Tort Claims Act in connection with the claim. Wilcox's complaint did not fairly reflect his state law claim for

3

vicarious liability against the County of Los Angeles and the Los Angeles County Sheriff's Department. *See Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004) (holding that for complaints brought according to Cal. Gov't Code § 945.4, "the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim.").

The district court properly dismissed Wilcox's claims for deprivation of civil rights under 42 U.S.C. §§ 1983, 1985(3), and 1986 against the County of Los Angeles, the Los Angeles County Probation Department, and probation officers Scott Arnow and Jose Perez because Wilcox failed to allege sufficiently any evidence of a policy, custom or practice of the county defendants to deprive inmates of their civil rights, *see Connick*, 563 U.S. at 60, and Wilcox failed to allege sufficiently any evidence of a conspiracy to deprive Wilcox of his civil rights, *see United Bhd.*, 463 U.S. at 828–29; *Karim-Panahi*, 839 F.2d at 626.

The district court did not abuse its discretion in dismissing Wilcox's state law claims of vicarious liability under Cal. Gov't Code § 815.2 against the County of Los Angeles, the Los Angeles County Probation Department, and probation officers Scott Arnow and Jose Perez because the claims were duplicative of Wilcox's state law claims of vicarious liability against the County of Los Angeles and the Los Angeles County Sheriff's Department. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (holding that a "district court

may exercise its discretion to dismiss a duplicative later-filed action").

The district court did not abuse its discretion in dismissing Wilcox's claims without leave to further amend because Wilcox was granted leave to amend on multiple occasions but failed to show that further amendment would not be futile. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**